**HARRIS BEACH** PLLC
ATTORNEYS AT LAW

February 22, 2018

100 WALL STREET
NEW YORK, NY 10005
(212) 687-0100

ABBIE ELIASBERG FUCHS
MEMBER

DIRECT: (212) 313-5408
FAX:    (212) 687-0659
AFUCHS@HARRISBEACH.COM

*Via ECF*

Honorable Joseph A. Dickson, U.S.M.J.
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, 2D
Newark, NJ 07101

Re:   Patricia O'Connor and Megan O'Connor v. The Dodge Company, et al.,
      No. 2:16CV05177 (D.N.J.)

Dear Judge Dickson:

We represent Defendant Hydrol Chemical Company, Inc. ("Hydrol") in the above-referenced matter. We write consistent with Chief Judge Linares's directive and in advance of the February 28, 2018 conference to request the entry of a *Lone Pine* discovery order.

**Procedural Background**

On October 27, 2017, with Hydrol's Federal Rule of Civil Procedure 12(b)(2) and (6) Motion to Dismiss still pending, Hydrol filed a Motion for Summary Judgment, Or In The Alternative, A *Lone Pine* Order (the "Lone Pine Motion"). *See generally* ECF 64. In that motion, Hydrol identified certain critical scientific failures and inadequacies associated with Plaintiffs' claims, and requested that the Court dismiss the claims entirely or, alternatively, prioritize expert and scientific discovery in the interest of efficiency, given that Plaintiffs' claims are without scientific merit and no amount of factual discovery will alter the state of science relevant to Plaintiffs' claims.

On February 15, 2018, Chief Judge Linares granted portions of Hydrol's Motion to Dismiss, dismissing certain of the claims against Hydrol (and provided similar relief for co-Defendant The Pierce Companies), and denied the Lone Pine Motion without prejudice. In so doing, the Court specifically noted that Hydrol's request for "an expedited discovery schedule concerning the science behind plaintiff's claims . . . . should be made to the Magistrate Judge separately." *See* ECF 72, n. 5. This request follows.

**A *Lone Pine* Order Will Promote Efficiency**

As detailed in Hydrol's Lone Pine Motion, *see* ECF 64-31 at 20-21, 36-40, Hydrol respectfully requests that the Court issue a *Lone Pine* order prioritizing expert discovery for the sake of preservation of resources, efficiency, and justice.[1]

The Court, in Judge Linares's February 15 Opinion and Order, already acknowledged that the expert report of Dr. Howard Sandler, provided with Hydrol's Lone Pine Motion (*see*

---

[1] In the interest of brevity Hydrol is not repeating the entirety of the arguments proffered in the Lone Pine Motion, but looks forward to discussing them in full with the Court.

Honorable Joseph A. Dickson
February 22, 2018
Page 2

**HARRIS BEACH** PLLC
ATTORNEYS AT LAW

ECF 64-15) is "comprehensive" and further noted that it was "unfortunate that the plaintiffs did not provide copies of all of the reports and studies of which they are aware that allegedly link formaldehyde exposure to leukemia for the Court's review." ECF 72 at 13-14. The Court, in denying the Lone Pine Motion, referred to two publications provided by Plaintiffs that refer to an "association" and a "link" because Plaintiffs did not (and cannot) provide evidence of ***causation***, an absolute requirement for Plaintiffs to prevail.

The Court's concerns and the complete lack of scientific evidence related to causation should be addressed now. Specifically, Plaintiffs should present: (1) the identity and amount of Saturol to which Plaintiff was allegedly exposed; (2) confirmation that Plaintiff suffers from T-Cell ALL; and (3) the scientific and medical evidence supporting the theory that Saturol caused Plaintiff's specific strain of ALL.

**Discussion**

*Lone Pine* orders first appeared as discovery management tool in the seminal case *Lore v. Lore v. Lone Pine, Inc.*, No. L-33606-85, 1986 WL 637507 (Sup. Ct. N.J. Nov. 18, 1986). *Lone Pine* orders are "designed to assist in the management of complex issues and potential burdens on defendants, and the court . . . requir[es] plaintiffs to produce a measure of evidence to support their claims at the outset." *Trujillo v. Armetek, Inc.*, No. 3:15-cv-1394 (GPC)(BGS), 2016 WL 3552029, at *1 (S.D. Cal. June 28, 2016). *Lone Pine* orders are not exclusive to mass torts. *See Miller*, 2014 WL 12589121, at *1 (*Lone Pine* appropriate in "cases involving even a single plaintiff [who] has not offered any substantive information as to the basis for his or her claim"). Where, as here, a defendant "has made a clear showing of significant evidence calling into question the plaintiffs' ability to bring forward necessary medical causation and other scientific information," *Lone Pine* orders are appropriate. *McManaway v. KBR, Inc.*, 265 F.R.D. 384, 388 (S.D. Ind. 2009); *Miller v. Metrohealth Medi. Cntr.*, No. 1:13 CV 1465, 2014 WL 12589121, at *1 (N.D. Ohio Mar. 28, 2014) (*Lone Pine* appropriate in "cases involving even a single plaintiff [who] has not offered any substantive information as to the basis for his or her claim"); *In re Fosamax Prod. Liab. Litig.*, No. 06 MD 1789 (JFK), 2012 WL 5877418, at *3 (S.D.N.Y. Nov. 20, 2012) (finding *Lone Pine* Order appropriate to dispose of "spurious or meritless cases").

*Lone Pine* orders typically require plaintiffs to provide information they **should** have had prior to filing, including "the circumstances under which they could have been exposed to harmful substances, and the medical basis for believing that the named defendants were responsible for significantly increasing [p]laintiffs' risks of contracting various diseases." *Id.* at *3; *In re Fosamax*, 2012 WL 5877418, at *2; *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (affirming district court's issuance of pre-discovery *Lone Pine* order which "required that information which plaintiffs should have had before filing their claims").

In assessing the propriety of a *Lone Pine* order, courts consider several factors, including: "(1) the posture of the action, (2) the peculiar case management needs presented, (3) external agency decisions impacting the merits of the case, (4) the availability and use of other procedures explicitly sanctioned by federal rule or statute, and (5) the type of injury alleged by plaintiffs and its cause." *Trujillo*, 2016 WL 3552029, at *2.

Here, four of the five factors weigh in favor of a *Lone Pine* order **now**, before additional discovery takes place. *Trujillo*, 2016 WL 3552029, at *3. For example, where "the plaintiff has

Honorable Joseph A. Dickson
February 22, 2018
Page 3

HARRIS BEACH PLLC
ATTORNEYS AT LAW

not offered any substantive information as to the basis for his or her claim," *Lone Pine* orders early in discovery are appropriate. *Miller*, 2014 WL 12589121, at *1.

Courts also find *Lone Pine* orders to be particularly appropriate where there is an abundance of regulatory information that is contrary to a plaintiff's position, and "a state or federal agency has issued a report that either provides much of the information called for in the order or undercuts the plaintiffs' claims for personal injuries." *McManaway*, 265 F.R.D. at 385; *Abner v. Hercules, Inc.,* No. 2:14CV63 (KS)(MTP), 2014 WL 5817542, at *4 (S.D. Miss. Nov. 10, 2014). Here, Dr. Sandler's report demonstrates that the IARC, NIOSH, and the NTP all found no association between formaldehyde and Plaintiff's T-Cell ALL variant. *See* Sandler's Report, ECF 64-15, at 10. Accordingly, this factor also favors a *Lone Pine* order.

Courts find *Lone Pine* orders to be appropriate "where other available procedural devices . . . are insufficient to address the issues at hand." *Abner,* 2014 WL 5817542, at *4. This case is unique in that there is a plethora of science available to inform the Court about the fundamental fictions and resulting flaws in Plaintiffs' claims. *See* Sandler Report, ECF 64-15, at 6-10. There is not, however, a procedural device, other than *Lone Pine*, that will allow the parties to place this science before the Court for adjudication **now** without spending inordinate amounts of time and money litigating a dispute whose key elements are ready for review and adjudication now. Putting expert discovery at the back of the process will create protracted and expensive discovery that will only reveal what is evident now: there is no reliable scientific evidence to suggest that formaldehyde-containing Saturol caused Plaintiff's T-Cell ALL. *See* Sandler Report, ECF 64-15, at 10. Accordingly, because "other procedural tools [will not] be as effective or efficient as" *Lone Pine*, the issuance of a *Lone Pine* order is proper. *Abner,* 2014 WL 5817542, at *5.

Finally, Plaintiff's injury is precisely the type for which *Lone Pine* orders are most appropriate. Where a particular case is the "classic expansive, time-consuming, and highly expert dependent case [similar to those] that gave birth to the Lone Pine case management method," a *Lone Pine* order should issue. *Abner*, 2014 WL 5817542, at *5. Here, Hydrol is one of three defendants. Plaintiffs allege exposure to 37 different products, of which Hydrol only manufactures one. *See* Am. Compl., ¶¶ 6, 21, 31. Since Plaintiffs must demonstrate that Hydrol's product was a substantial factor in causing her leukemia, discovery and the causation determination will be very expensive and time-consuming. Relatedly, this is a "highly expert dependent case" — Plaintiffs *must* use expert testimony in this toxic tort case to prove causation. *Abner*, 2014 WL 5817542, at *5; *Leese*, 2013 WL 5476415, at *7-8 (in toxic tort cases, plaintiffs must prove "general and specific causation" through expert testimony). Accordingly, four of the five factors weigh in favor of issuing a *Lone Pine* order, and Hydrol respectfully requests that the Court grant such an order.

We look forward to discussing this with Your Honor at the conference on February 28, and are available at the Court's convenience to discuss this matter in greater detail.

Respectfully submitted,

/s/ Abbie Eliasberg Fuchs    /s/ Peri A. Berger
Abbie Eliasberg Fuchs         Peri A. Berger

cc:   All Counsel of Record (*via ECF*)