# HARRIS BEACH ᴾᴸᴸᶜ
ATTORNEYS AT LAW

March 16, 2018

100 WALL STREET
NEW YORK, NY 10005
(212) 687-0100

PERI AVISHAI BERGER
MEMBER

DIRECT:  (212) 912-3574
FAX:      (212) 687-0659
pberger@harrisbeach.com

*Via ECF*
Honorable Joseph A. Dickson, U.S.M.J.
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, 2D
Newark, NJ 07101

Re:   Patricia O'Connor and Megan O'Connor v. The Dodge Company, et al.,
       No. 2:16CV05177 (D.N.J.)

Dear Judge Dickson,

We represent Defendant Hydrol Chemical Company ("Hydrol"). We write in response to Plaintiffs' March 12, 2018 correspondence regarding Hydrol's request for a Lone Pine order.

The vast majority of Plaintiffs' letter is in no way relevant to the request put before the Court in Hydrol's February 22, 2018 letter nor at the February 28 appearance before the Court.

Hydrol's request is simple: for Plaintiffs to put forward **any** scientific or medical evidence that substantiates a causal connection between exposure to formaldehyde and the development of the T-Cell acute lymphoblastic leukemia ("T-Cell ALL") that Plaintiff Patricia O'Connor was allegedly diagnosed with. As indicated in Hydrol's motion for summary judgment, February 22 letter, and February 28 oral argument, nothing in fact discovery is going to change medical science, which is clear: formaldehyde does not cause T-Cell ALL.

Plaintiffs were quick to attempt to besmirch Dr. Sandler by referring to his report as self-serving. Dr. Sandler is a consummate professional who produced a comprehensive report based on extensive research. That report, which included an analysis not only of the few resources Plaintiffs scrounged up as well as Dr. Sandler's own extensive research, was clear and unequivocal: there is no science supporting Plaintiffs' position.

If anything presented to the Court is self-serving, it is Plaintiffs' verbose and directionless letter: Plaintiffs cite not one single medical or scientific study or other resource that contradicts Dr. Sandler. **Dr. Sandler's report was filed with Hydrol's motion for summary judgment in October. In the intervening months, Plaintiffs have failed to deliver any meaningful medical or scientific resource that refutes Dr. Sandler's position.** That alone should be sufficient to immediately prioritize expert discovery as to causation.

We are available to discuss at the Court's convenience.

Respectfully submitted,

/s/ Peri A. Berger
Peri A. Berger

cc:   All Counsel of Record (*via ECF*)