UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICIA O'CONNOR and MEGAN O'CONNOR,<br><br>                  Plaintiffs,<br><br>v.<br><br>THE DODGE COMPANY, INC.; PIERCE COMPANIES; HYDROL CHEMICAL COMPANY; XYZ CORP. INC (1-100); JOHN DOES (1-100); and JANE DOES (1-100),<br><br>                  Defendants. | Civil Action No. 2:16-cv-05177 |

**JOINT AGREED MOTION TO EXTEND PRETRIAL DEADLINES**

TO THE HONORABLE JOSEPH A. DICKSON, U.S.M.J.:

Consistent with Local Civil Rule 6.1, Plaintiffs Patricia O'Connor and Megan O'Connor ("Plaintiffs"), Defendant The Dodge Company, Inc. ("Dodge"), Defendant Pierce Chemicals Royal Bond Company (now known as Firestone and Barber Investments, Inc.) ("Pierce"), and Defendant Hydrol Chemical Company ("Hydrol") (collectively, Dodge, Pierce, and Hydrol are referred to herein as "Defendants") (collectively, Plaintiffs and Defendants are referred to herein as the "Parties") move jointly to extend the deadlines contained in the Court's Pretrial

Scheduling Order [Dkt. 77] (the "Scheduling Order"), and would respectfully show the following:

**Lawsuit Overview**

1. In this products liability lawsuit, Plaintiffs allege that Plaintiff Patricia O'Connor ("Plaintiff") developed leukemia because of her exposure to formaldehyde contained in embalming products manufactured by Defendants Dodge, Hydrol, and Pierce. Plaintiffs' Amended Complaint identifies 37 formaldehyde-containing products to which Plaintiff allegedly was exposed while embalming corpses from approximately spring 1996 through approximately March 2014.

2. While Plaintiffs originally filed this lawsuit in New Jersey State Court in March 2016, following Defendants' removal of the case to this Court, Pierce, Hydrol, and Plaintiffs engaged in two rounds of motion practice under Federal Rule of Civil Procedure 12(b), which led to jurisdictional discovery related to Pierce and Hydrol's personal jurisdiction arguments. Hydrol also filed a motion for summary judgment. On February 15, 2018, the Court dismissed all but Plaintiffs' strict products liability, negligence, breach of implied warranty, and related loss of consortium claims against Pierce and Hydrol. [Dkt. 72] Dodge faces the same claims as Pierce and Hydrol, as well as claims for consumer fraud, fraudulent

misrepresentation, breach of express warranty, and related loss of consortium claims.

3. Following the entry of its February 15, 2018 order, the Court held a status conference with the Parties to discuss case status and filed the Scheduling Order on March 1, 2018.

**Discovery History**

4. When the Parties and Court conferred prior to the entry of the Scheduling Order, the Parties were optimistic that they could complete fact discovery by the Scheduling Order's fact discovery deadline of November 30, 2018.

5. However, since that first status conference, the Court has generously extended interim deadlines, beginning with the Parties' May 21, 2018 telephone status conference with the Court, during which the Court granted the Parties "an additional 45 days to complete written discovery." [Dkt. 92]

6. Additionally, at the August 8, 2018 hearing on Pierce and Hydrol's objections to Plaintiffs' document requests, the Court granted Plaintiffs an additional four weeks from the date of the hearing to produce documents responsive to Defendants' document requests. The Court also granted Dodge an additional six weeks from the date of the hearing to produce documents responsive to Plaintiffs' document requests. [Dkt. 97 at 68]

7. At this time, while the Parties have objected and responded to each other's discovery requests, and all Parties have made document productions, fact discovery is still far from complete. Indeed, as recently as November 14, 2018, Plaintiffs produced approximately 12,758 pages of documents, including without limitation medical records and discovery responses from a medical malpractice case that Plaintiffs are pursuing in Bergen County, New Jersey. That matter, styled *O'Connor v. Hackensack University Medical Center, et al.*, No. L-4957-16 (Superior Court of New Jersey, Bergen County) (the "Medical Malpractice Lawsuit"), is also in the fact discovery phase, and Defendants are currently awaiting Plaintiffs' supplemental document production(s) containing, without limitation, Plaintiffs' deposition transcripts from the Medical Malpractice Lawsuit.

8. Further, because Defendants have not yet received Plaintiffs' full document production, Defendants have not deposed Plaintiffs. The Parties are particularly mindful that Plaintiff Patricia O'Connor's health is deteriorating and do not desire to subject Plaintiff to more than one fact discovery deposition, if possible.

9. Finally, the Parties are awaiting the finalization of discovery from third parties, including the deposition of a corporate representative of Plaintiff Patricia O'Connor's employer and the production of medical records by Plaintiff Patricia O'Connor's medical providers.

**Good Cause Exists to Extend Pretrial Deadlines**

10.    For the foregoing reasons, and for reasons that the Parties would prefer to discuss with the Court via telephone conference, the Parties respectfully request the Court extend the current November 30, 2018 fact discovery deadline by 120 days to April 1, 2019.  Because such an extension would impact the Scheduling Order's other deadlines, the Parties attach as Exhibit A their Proposed First Amended Pretrial Scheduling Order.  Additionally, for the Court's convenience, a redline of the changes between the current Scheduling Order and the Proposed First Amended Pretrial Scheduling Order is attached as Exhibit B.

11.    The Court may extend a deadline "if a request is made[] before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). The requested extension is not for delay, but so that justice may be served.  Should the Court have any concerns or questions related to granting the requested extension, the Parties respectfully request the opportunity to hold a telephone conference with the Court at the Court's convenience.

## **PRAYER**

For the foregoing reasons, Plaintiffs and Defendants request the Court extend the pretrial deadlines in this case in accordance with the attached Proposed First Amended Pretrial Scheduling Order.

Respectfully submitted this November 30, 2018,

/s/ *Robert A. Tandy*
Robert A. Tandy
**LAW OFFICES OF**
**ROBERT A. TANDY, LLC**
Mack-Cali Corporate Center
50 Tice Boulevard, Suite 363
Woodcliff Lake, New Jersey 07677
Phone:  201.474.7103
rtandy@tandylaw.com

Eric J. Warner
**CARLSON AND SIEDSMA, LLP**
1099 Mt. Kemble Ave.
Morristown, New Jersey 07960
Phone:  973.870.0470
ejwarn@gmail.com
*Counsel for Plaintiffs Patricia O'Connor and Megan O'Connor*

/s/ *Peri A. Berger*
Abbie Eliasberg Fuchs
Peri A. Berger
**HARRIS BEACH, PLLC**
100 Wall Street
New York, New York 10005
Phone:  212.687.0100
Facsimile:  212.687.0659
afuchs@harrisbeach.com
pberger@harrisbeach.com
*Counsel for Defendant*
*Hydrol Chemical Company, Inc.*

**JOINT AGREED MOTION TO EXTEND PRETRIAL DEADLINES - PAGE 6**

/s/ Kathryn T. Lundy
Kathryn T. Lundy
Brooke K. Haley (*pro hac vice*)
**MICHELMAN & ROBINSON, LLP**
800 Third Avenue, 24th Floor
New York, New York 10022
Phone:  212.730.7700
Facsimile:  212.730.7725
klundy@mrllp.com
bhaley@mrllp.com


/s/ Leland C. de la Garza
Leland C. de la Garza (*pro hac vice*)
**HALLETT & PERRIN, P.C.**
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
Phone:  214.922.4164
Facsimile:  214.922.4142
ldelagarza@hallettperrin.com
*Counsel for Defendant Pierce Chemicals Royal Bond Company*


/s/ Emily R. Weisslitz
Emily R. Weisslitz
**MCGIVNEY & KLUGER, P.C.**
23 Vreeland Road- Suite 220
Florham Park, New Jersey 07932
Phone:  973.822.1110
Facsimile:  973.822.1116
eweisslitz@mcgivneyandkluger.com
*Counsel for Defendant The Dodge Company, Inc.*

**JOINT AGREED MOTION TO EXTEND PRETRIAL DEADLINES - PAGE 7**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of November 2018, I caused a true and correct copy of the foregoing Joint Agreed Motion to Extend Pretrial Deadlines to be served via the Court's ECF system on all counsel of record.

*/s/ Kathryn T. Lundy*
Kathryn T. Lundy
